**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANTONIO MONROE,<br><br>Plaintiff,<br><br>vs.<br><br>BOARD OF EDUCATION OF THE ILLINOIS DEPARTMENT OF JUVENILE JUSTICE SCHOOL DISTRICT #428; ILLINOIS DEPARTMENT OF CORRECTIONS; ILLINOIS STATE BOARD OF EDUCATION,<br><br>Defendants. | ) | **Case No.** 3:24-cv-02639<br>**CJRA Track:** TRACK C<br>**Mandatory Mediation:** Yes<br>**Presumptive Trial Month:** August 2026 |

**DECLARATION OF OLGA PRIBYL**

I, Olga Pribyl, declare as follows:

1. I supervised Plaintiff's attorneys in this case. I have personal knowledge of the facts set forth in this declaration and could and would testify competently to them.

2. I am providing this declaration of counsel in support of Plaintiff's petition for attorneys' fees.

3. Cristina Kinsella, Jessica Range, Rachel Shapiro, Alexandra Kuske, Amanda Klemas, G. Michael Shea, and I are the only attorneys seeking to recover for our work on this matter. I was responsible for staffing allocation during this matter and for billing judgment for the purpose of collecting fees. Although three attorneys primarily collaborated on the work of the underlying due process hearing (Cristina Kinsella, Jessica Range, and I), EFE is only attempting to collect fees for two attorneys' work for any given part of the due process hearing days, and for much of the hearing preparation, as is standard practice within special education litigation. This staffing matched that utilized by Defendant District 428, which was likewise represented by two attorneys during the due process proceedings. Two other attorneys (Amanda Klemas and G.

Michael Shea) worked on discrete research and briefing tasks during the underlying due process case. Three attorneys (Rachel Shapiro, Alexandra Kuske, and I) have represented the Plaintiff during the federal court case. Throughout the case we have closely coordinated efforts and allocated work to promote efficiency, effective supervision, and to avoid unnecessary duplication of effort.

4. I am a 1985 graduate of The Notre Dame School of Law. In law school I served as the Legislative Services Editor of the *Journal of Legislation.* I was admitted to practice law in Illinois in 1985. I am admitted to practice in the United States Court of Appeals for the Seventh Circuit, all of the Federal District Courts in Illinois, including the Northern District of Illinois Trial Bar.

5. I am the Vice President of the Special Education Clinic and Pro Bono at Equip for Equality ("EFE"). I joined EFE in 2007 to help create and manage the Special Education Clinic.

6. After graduation from law school, I was an associate with Haskell & Perrin, practicing in the area of insurance defense litigation.

7. Prior to joining EFE, I was in private practice. In 1990, I joined the firm of Monahan & Cohen where I later became a partner. I practiced in the area of special education, disability rights, and mental health law. managed and handled all aspects of cases in federal and state court and at administrative levels. I tried cases at state and administrative levels relating to special education issues, discrimination issues based on disability for both employment and access cases, ECT and commitment hearings, and contested guardianship matters. I was one of the lead attorneys on two of the first successful cases brought in Illinois under the Americans with Disabilities Act ("ADA") and was one of the attorneys on one of the first inclusion cases brought before the Northern District of Illinois. I provided training to parent groups and other organizations on special education issues, the ADA and guardianship matters. I took seven years off during my time at Monahan & Cohen to raise my four children and care for my mother before returning in

2005.

8. In addition to my law firm work, I was a level-I due process hearing officer for the Illinois State Board of Education.

9. In 2007, I joined EFE to start the Special Education Clinic and create a more expansive pro bono program. EFE is an independent, private, not-for-profit organization designated by the governor to implement the federally mandated Protection and Advocacy System in Illinois. Headquartered in Chicago with offices in Springfield, Carbondale, Rockford, and Belleville, EFE serves the disability community through legal and advocacy services, education, policy initiatives, and investigations. Over 13,000 individuals each year enjoy EFE's direct one-on-one advocacy or training services, while countless others benefit from EFE's ongoing pursuit of systemic change through legal intervention and promotion of better public policy. EFE employs 66 people statewide and is governed by a twelve-member board of directors, many of whom are members of the disability community.

10. As the only statewide legal services organization that represents parents in special education disputes at all levels, EFE's Special Education Clinic (" the Clinic") has served thousands of families in special education matters across Illinois since EFE’s founding in 1985.

11. As the Vice President of the Special Education Clinic, I oversee thirteen staff and approximately three hundred pro bono volunteers. During the last fiscal year, the Clinic assisted 1,880 clients on special education matters, including representation in federal court and at administrative due process hearings, expulsion hearings, Individualized Education Program meetings, and mediations. Under my leadership in the last 19 years, the Clinic has approximately quintupled the number of clients it assists on a yearly basis.

12. I oversee all of the Clinic's litigation. I approve all litigation requests, review and approve all due process complaints and state and federal complaints, and review and approve all motions of substance. I am involved in strategic decision-making on cases and am an attorney of

record on all federal litigation. I work with my team to identify systemic areas of concern and how best to address them. I determine the staffing of each case and, when necessary, I utilize attorneys who are not working directly on the case to conduct discrete research and briefing tasks.

13. I have conducted numerous trainings on special education issues, including at state-wide and national conferences.

14. I have been engaged in the general practice of law for 34 years and have handled hundreds of disability rights and special education cases. I have represented clients in a variety of cases involving complex special education and disability rights issues. Representative cases while at EFE include:

a. *Petrina W v. City of Chicago Pub. Sch. Dist. 299,* 2009 WL 5066651 (N.D. Ill. 2009): Successful appeal of an IHO's ruling that a compensatory education claim was not ripe until the student turned 22. The district court found that compensatory education can be appropriately sought and granted prospectively before the student has reached the age of 21. The court further clarified how to determine compensatory education so as to restore the student to the position she would have occupied but for the district's deprivation of a free appropriate public education. We received a confidential settlement agreement for our attorneys' fees.

b. *T.P. ex rel. Kimbrely R. v. City of Chicago Pub. Sch. Dist. 299,* 2011 WL 1197353 (N.D. Ill. Mar. 29, 2011): Action resulting in the recovery of $121,422.50 in attorneys' fees and costs, as well as prejudgment interest, following the successful representation of a student with autism in a special education due process hearing in which the hearing officer awarded the maintenance of the student in his current charter school and extensive prospective and compensatory services.

c. *K.D. ex rel. Nichelle D. v. Villa Grove Cmty. Unit Sch. Dist. No. 302 Bd. of Educ.,* 403 Ill. App. 3d 1062 (4th Dist. 2010): Successful injunctive action in case of first impression involving the right of a student with autism to be accompanied in school

with his service animal. The parents prevailed in Illinois state court on actions for a temporary restraining order, preliminary injunction, circuit court evidentiary hearing on the merits, and an appeal to the Illinois Appellate Court.

d. *A.G. v. Eastland Cmty. Unit Sch. Dist. No. 308,* No. 13-CV-50234 (N.D. Ill. 2013): Action resulting in a settlement of $150,000 in attorneys' fees and costs following the successful representation of a student with a disability in a special education due process hearing in which the hearing officer maintained the student's placement in her community's school, including an inclusive school setting and daily, individualized Applied Behavior Analysis therapy, as well as ordered extensive compensatory services.

e. *P. W v. Bloom Township High Sch. Dist. No. 206,* No. 16-CV-1571 (N.D. Ill. Aug. 24, 2016): Successful appeal of hearing officer's dismissal of student with disability's claim to obtain educational services after his improper graduation from high school and termination of eligibility for special education; on remand, a hearing officer found in favor of the student on all of the issues and ordered two years of compensatory transition programming for the student.

f. *K.S. v. Board of Education of the Vandalia Community Unit School District No. 203*, 2018 WL 3993628 (S.D. Ill. Aug. 21, 2018): Action resulting in the recovery of over $200,000 in attorneys' fees and costs, as well as prejudgment interest, following the successful representation of a student with multiple disabilities to secure a recission of his expulsion, reimbursement for independent educational evaluations, administration of additional evaluations, as well as compensatory education services.

15. In addition to my representation of individual students, I also represent youth with disabilities through class action lawsuits. EFE serves as the Plaintiff's co-counsel in *R.J. et al v.*

*Robert Vickery*, Case No. 12-cv-7289, a class action regarding treatment of youth in the Illinois Department of Juvenile Justice.

16. As part of my work on *R.J.*, I conduct monitoring visits to Illinois Youth Centers, review data, tour facilities, interview youth and staff members, and advocate with the Department of Juvenile Justice to ensure that the Department of Juvenile Justice provides youth with disabilities with appropriate educational services.

17. I served as lead counsel on a putative class action lawsuit which was settled relating to language access issues for students with special education needs in *H.P., et al., v. Board of Education of the City of Chicago, et al.,* Case No. 18-cv-621.

18. I also serve as counsel in *Hebert et al. v. Illinois Department of Corrections et al.,* No. 1:24-cv-07950, a putative class action regarding the lack of high school credit bearing classes and special education services for special education eligible students incarcerated in the Illinois Department of Corrections.

19. My billing rate is $550.00 per hour, which is based upon my overall experience and expertise, and is equal to or lower than that of attorneys performing similar work in the area.

20. Ms. Shapiro, Ms. Kuske, Mr. Shea, Ms. Klemas, Ms. Kinsella, and Ms. Range have concurrently submitted declarations that provide information about their experience, reputation, and skill; their rates; and confirming that EFE charged their standard hourly rates in this matter.

21. Based on my knowledge and experience with hourly rates charged by other litigators in Illinois when handling matters of similar complexity, I believe that my hourly rate, and the hourly rate of Ms. Kinsella, Ms. Range, Ms. Shapiro, Ms. Klemas, Mr. Shea, and Ms. Kuske, are reasonable and appropriate for lawyers of similar experience, reputation and skill.

22. My time in this case is reflected accurately in the timesheets submitted to this Court. The time shown reflects time entered contemporaneously with the work performed after reduction of "no charge" items. Additional time, spent on related but non-essential matters, has been deleted

from these records.

23. The submitted EFE timesheets are a true and accurate reflection of my time on this matter.

24. As Vice President of the Special Education Clinic, I have reviewed all of the time entries for this case, including the fees for the underlying hearing and the current case, and have exercised billing judgment. I "no-charged" a total of $94,172.50.

25. After the above reduction, EFE charged $289,512.50 in legal fees representing Mr. Hebert and charged $325.95 in costs and $12,212.50 in expert expenses that the Impartial Hearing Officer ordered to be reimbursed, for a total amount of $302,050.95.

26. I would testify to the above if called to do so.

I swear under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

[redacted]

Olga F. Pribyl

February 9, 2026
Date