**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANTONIO MONROE,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF EDUCATION OF THE ILLINOIS DEPARTMENT OF JUVENILE JUSTICE SCHOOL DISTRICT #428; ILLINOIS DEPARTMENT OF CORRECTIONS,<br><br>Defendants. | Case No. 3:24-cv-02639<br><br>Hon. Nancy J. Rosenstengel |

**JOINT STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF CROSS MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Antonio Monroe ("Mr. Monroe" or "Student") and Defendants Board of Education of the Illinois Department of Juvenile Justice School District #428 ("IDJJ", "District", or "Defendant") and Illinois Department of Corrections ("IDOC" or "Defendant") (collectively "Defendants"), by and through their undersigned attorneys, submit the following Joint Statement of Undisputed Material Facts, pursuant to Rule 56 of the Fed. R. Civ. P. in support of their Cross Motions for Summary Judgment:

**Description of the Parties**

1. Plaintiff, Mr. Monroe, brings a request for attorneys' fees and costs in connection with *A.M. v. Illinois Department of Juvenile Justice District 428* (Illinois State Board of Education ("ISBE") due process hearing Case No. 23 DP 0256), under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1415(i)(3). (Defendant IDJJ's Answer to Plaintiff's Complaint ("the Answer"), ECF No. 9 at ¶ 1).

2. Mr. Monroe is a 23-year-old individual who qualified as a "child with a disability" pursuant to the IDEA in his last educational placement prior to his incarceration in an

Illinois Department of Corrections ("IDOC") facility, which commenced on February 4, 2022. (Answer, ECF No. 9 at ¶ 4). *See* 20 U.S.C. § 1401(3) (defining a "child with a disability").

3. Mr. Monroe has remained within an IDOC facility since February 4, 2022. (Answer, ECF No. 9 at ¶ 4).

4. Mr. Monroe continued to qualify as a "child with a disability" pursuant to the IDEA upon entering IDOC custody on February 4, 2022. (Answer, ECF No. 9 at ¶ 4).

5. Defendant Illinois Department of Juvenile Justice School District #428 has been the "local educational agency" ("LEA") over all IDOC facilities within the meaning of the IDEA since 2006. See 20 U.S.C. § 1401(19); 105 Ill. Comp. Stat. Ann. 5/13-40. (Answer, ECF No. 9 at ¶ 11).

6. The District receives federal funds from the United States Department of Education pursuant to the IDEA for the purpose of educating children with disabilities and was responsible for ensuring that Mr. Monroe received a FAPE under the law. See 20 U.S.C. §§ 1401(9)(D), 1412(a)(1). (Answer, ECF No. 9 at ¶ 6).

## Venue and Jurisdiction

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(3). (Answer, ECF No. 9 at ¶ 2).

8. Venue is properly situated in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district and the Defendants are subject to personal jurisdiction in the Southern District of Illinois under 28 U.S.C. § 1391(b)(1). (Answer, ECF No. 9 at ¶ 3).

## Statement of Undisputed Material Facts

9. Mr. Monroe has qualified for special education services as a student with an Other Health Impairment since 2011, prior to his incarceration, and continued to qualify under that

category through his last Individualized Education Program ("IEP") on December 6, 2017. (Answer, ECF No. 9 at ¶ 9).

10. Mr. Monroe's December 6, 2017, IEP provided for 100% of his time outside of the general education setting and Mr. Monroe was placed in a therapeutic day school, which is a school only for students with disabilities. (Answer, ECF No. 9 at ¶ 10).

11. The District was responsible for Mr. Monroe's education from February 4, 2022, through the end of the school year in which he turned 22. (Answer, ECF No. 9 at ¶ 11).

12. Mr. Monroe filed for due process on May 31, 2023, stating that the District and IDOC failed to provide him with special education services and credit-bearing high school coursework. (Answer, ECF No. 9 at ¶ 12). A true and accurate copy of his due process hearing request is attached hereto as Joint Exhibit 1 and incorporated by reference.

13. In his due process complaint, Mr. Monroe, through his attorneys, requested that the Impartial Hearing Officer ("IHO") award him and other similarly situated individuals "systemic relief." (**Joint Ex. 1**).

14. The Parties exchanged pre-hearing briefings on several issues: (1) a Motion to Compel Independent Educational Evaluation; (2) Motion to Dismiss; and (3) Authority Regarding High School program and diploma.

15. In a prehearing ruling, the Impartial Hearing Officer ("IHO") struck all of Mr. Monroe's requests for "systemic relief," finding that he did not have jurisdiction over such relief. (Answer, ECF No. 9 at ¶ 5; **Joint Ex. 2**).

16. The Parties held the due process hearing from May 1-3, and May 6, 2024. (Answer, ECF No. 9 at ¶ 12).

17. The IHO issued a written decision on May 21, 2024, a true and accurate copy of which is attached as **Joint Ex. 3**. The IHO ruled in Mr. Monroe's favor on both issues. (Answer, ECF No. 9 at ¶ 13).

18. In an attempt to implement the relief required by the IHO's order, Mr. Monroe, his attorneys at Equip for Equality, the District/IDJJ, and IDOC employees participated in IEP Meetings as well as negotiations over the phone and via email. (Answer, ECF No. 9 at ¶ 15).

19. The IHO's order became final in September of 2024. (Answer, ECF No. 9 at ¶ 15).

20. In this action, Mr. Monroe seeks attorneys' fees and costs related to the underlying due process hearing. Mr. Monroe is also participating in a separate proposed federal class action filed in the Northern District of Illinois, *Hebert et al v. Illinois Department of Corrections et al*, No. 1:24-cv-07950 (N.D. Ill. August 30, 2024), seeking the systemic relief for which the IHO in the due process case ruled he did not have jurisdiction.

21. On November 13, 2024, Mr. Monroe, through Equip for Equality, submitted a claim for attorneys' fees and costs to the District. (Complaint, ECF No. 1; Answer, ECF No. 9 at ¶ 16).

Dated: February 9, 2026

Respectfully submitted,

/s/ *Rachel Shapiro (with consent)*
Olga Pribyl
olga@equipforequality.org
Rachel Shapiro
rachel@equipforequality.org
Alexandra Kuske
alexandra@equipforequality.org
**Equip for Equality**
20 N. Michigan Ave., Suite 300
Chicago, Illinois 60602
Telephone: (312) 341-0022
Facsimile: (312) 800-0912
*Attorneys for Plaintiff*

/s/ *Kaitlin Atlas*
Kaitlin Atlas
ka@franczek.com
John Swinney
js@franczek.com
K. Hope Harriman
khh@franczek.com
**Franczek P.C.**
300 S. Wacker. St., Suite 3400
Chicago, Illinois 60606
Telephone: (312) 986-0300
Facsimile: (312) 986-9192
*Attorneys for Defendants*

**CERTIFICATE OF SERBVICE**

The undersigned attorney hereby certifies that he caused a true and correct copy of the foregoing **Joint Statement of Undisputed Facts in Support of Cross Motions for Summary Judgment** to be filed with the Clerk of the Court using the CM/ECF Filing System which will electronically serve copies upon all counsel of record on this 9th day of February 2026, namely:

Olga Frances Pribyl
Rachel L. Shapiro
Alexandra Kuske
Equip for Equality
20 N. Michigan Ave., Suite 300
Chicago, IL 60602
olga@equipforequality.org
rachel@equipforequality.org
alexandra@equipforequality.org

*/s/ Kaitlin Atlas*