**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ANTONIO MONROE,<br><br>Plaintiff,<br><br>vs.<br><br>BOARD OF EDUCATION OF THE ILLINOIS DEPARTMENT OF JUVENILE JUSTICE SCHOOL DISTRICT #428; ILLINOIS DEPARTMENT OF CORRECTIONS; ILLINOIS STATE BOARD OF EDUCATION,<br><br>Defendants. | ) | **Case No.** 3:24-cv-02639<br>**CJRA Track:** TRACK C<br>**Mandatory Mediation:** Yes<br>**Presumptive Trial Month:** August 2026 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This case raises a claim for attorneys' fees under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3), for legal services in the administrative hearing based on the Impartial Hearing Officer's ("IHO") finding that the Illinois Department of Juvenile Justice School District #428 ("IDJJ" or "District") and the Illinois Department of Corrections ("IDOC") (collectively "Defendants") denied Plaintiff Antonio Monroe ("Mr. Monroe") a free appropriate public education ("FAPE") and the Defendants' admission that Mr. Monroe is a prevailing party.

## I. IT IS UNDISPUTED THAT MR. MONROE IS THE PREVAILING PARTY.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A genuine issue for trial exists only when the non-moving party presents sufficient factual allegations to enable a rational trier of fact to find in its favor; anything less than this type of showing calls for a grant of summary judgment. *Beard v. Whitley Cnty. REMC*, 840 F.2d. 405, 410

(7th Cir. 1988). Here, there is no genuine issue of material fact and the Plaintiff is entitled to judgment as a matter of law.

## II. BACKGROUND

This matter arises out of Defendants' failure to provide Mr. Monroe with a FAPE and its subsequent refusal to pay attorneys' fees after he was the prevailing party in his due process hearing. (Joint Statement of Facts, ECF No. 47 at ¶ 17 [hereinafter "JSF"]; Plaintiff's Supplemental Statement of Facts, ECF No. 46 at ¶ 1 [hereinafter "PSF"]). Plaintiff Antonio Monroe is a 23-year-old diagnosed with Attention-Deficit/Hyperactivity Disorder, combined presentation; Specific Learning Disorder in reading, Surface Dyslexia; Specific Learning Disorder in written expression; Specific Learning Disorder in mathematics; and Language Disorder. (PSF, ECF No. 46 at ¶ 2). He initially qualified for special education services in 2011 and continued to qualify through his last Individualized Education Program ("IEP") on December 6, 2017. (JSF, ECF No. 47 at ¶ 9).

Plaintiff entered IDOC custody as a 19-year-old on February 4, 2022, and continued to be eligible for special education services until the end of the school year in which he turned 22. *Id.* at ¶¶ 2-4. During this time, Mr. Monroe received no special education services and no credit-bearing high school coursework. (PSF, ECF No. 46 at ¶ 2). Since 2006, the District has been statutorily assigned as the local educational agency for special education eligible students in IDOC custody. (JSF, ECF No. 47 at ¶ 5).

Mr. Monroe filed for due process on May 31, 2023, to address the failure of the District and IDOC to provide him with special education services and credit-bearing high school coursework. *Id.* at ¶ 12. The IHO held the due process hearing May 1-3 and May 6, 2024, and ruled in Mr. Monroe's favor on both issues at the hearing, finding that the District denied Mr. Monroe a FAPE under the IDEA. *Id.* at ¶¶ 16-17. The IHO ordered the District and IDOC to provide the following relief: credit-bearing high school courses that Mr. Monroe needs to earn a high school diploma; spelling, reading,

writing, math, social work, and speech language services; implementation of assistive technology instruction; and reimbursement for independent educational evaluations. (JSF, ECF No. [47-1] at 36-37). To implement the relief required by the IHO's order, Mr. Monroe, his attorneys at EFE, the District, and IDOC participated in IEP Meetings as well as negotiations. (JSF, ECF No. 47 at ¶ 18). The IHO's order became final in September of 2024. *Id.* at ¶ 19.

On November 13, 2024, Plaintiff submitted a claim for attorneys' fees and costs to IDJJ and IDOC for $256,430 in fees, $325.95 in costs, and $12,212.50 in expert expenses that the IHO ordered to be reimbursed. (JSF, ECF No. 47 at ¶ 21; PSF, ECF No. 46 at ¶ 15). The Defendants have failed to pay EFE the amount of fees and costs reasonably incurred in the due process proceeding and the ordered expert expenses. (PSF, ECF No. 46 at ¶ 1).

EFE has reviewed their due process hearing and current case's legal fees through January 6, 2026 and has reduced them where appropriate, by a total of $94,172.50. *Id.* at ¶ 17. The total amount of fees, costs, and IHO ordered reimbursable expenses through January 6, 2026 is $302,050.95. *Id.* at ¶ 18.

## III. THE HEARING OFFICER FOUND THE DISTRICT VIOLATED THE IDEA.

The IDEA provides attorneys' fees and costs to parents who prevail in an IDEA action. 20 U.S.C. § 1415(i)(3) (court shall "award reasonable attorneys' fees as part of the costs – (I) to a prevailing party who is the parent of a child with a disability"). *See also Linda T. v. Rice Lake Area Sch. Dist.*, 417 F.3d 704, 708 (7th Cir. 2005). In granting summary judgment for the plaintiff seeking attorneys' fees, courts first evaluate whether the parent has shown that she was the prevailing party. *Hensley v. Echerhart,* 461 U.S. 424, 433 (1982). Then courts must determine whether the fees requested are reasonable, which typically begins with the lodestar calculation — "the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate." *Bd. of Educ. of City of Chi. v. Walker*, 800 F. Supp. 2d 917, 921 (N.D. Ill. 2011) (quoting *Estate of Enoch ex rel. Enoch v.*

*Tienor,* 570 F.3d 821, 823 (7th Cir. 2009)). The parent has the initial burden to show that the lodestar calculation is reasonable, and then the burden shifts to the District to show that it is unreasonable. *See Wachovia Sec. v. Banco Panamericano,* 674 F.3d 743, 759 (7th Cir. 2012). The District cannot meet that burden here.

**A. Mr. Monroe is the Prevailing Party.**

An IDEA "plaintiff prevails if she succeeds on any significant issue that achieves some of the benefit she sought in bringing the suit." *Stephanie J. v. Bd. of Educ. of City of Chicago,* 2010 WL 3070461, at *3 (N.D. Ill. 2010) (citing *Jodlowski v. Valley View Cmty. Unit Sch. Dist.*, 109 F.3d 1250, 1253 (7th Cir. 1997)). A prevailing party in a hearing "obtains at least some relief on the merits of his claim" and this inquiry "does not turn on the magnitude of the relief obtained." *Evanston Cmty. Consol. Sch. Dist. No. 65 v. Michael M.*, 356 F.3d 798, 805 (7th Cir. 2004) (citing *Farrar v. Hobby,* 506 U.S. 103, 111–12 (1992)). This is a low threshold. *See Koswenda v. Flossmoor Sch. Dist. No. 161*, 227 F. Supp. 2d 979, 985 (N.D. Ill. 2002).

Here, Mr. Monroe was unquestionably the prevailing party in his administrative due process case. The IHO ruled in Mr. Monroe's favor on both issues. (JSF, ECF No. 47 at ¶ 17). Defendants admit that Mr. Monroe is the prevailing party and that he is entitled to reasonable attorneys' fees and costs. (PSF, ECF No. 46 at ¶ 1).

**B. Mr. Monroe is Entitled to Recover Attorneys' Fees and Costs for the IDEA Due Process Hearing and for the Litigation of the Fee Petition.**

As the prevailing party, Mr. Monroe is entitled to recover reasonable fees and costs for the due process hearing. 20 U.S.C. § 1415(i)(3); *see Dell v. Tp. High School Dist. 113*, 32 F.3d 1053, 1063 (7th Cir. 1994); *McCartney C. v. Herrin Comm. Unit Sch. Dist. No. 4*, 21 F.3d 173, 174 (7th Cir. 1994). In addition, Mr. Monroe may recover attorneys' fees for time expended litigating the fees for the hearing. *John M. v. Bd. of Educ. of City of Chi., Dist. 299*, 612 F. Supp. 2d 981, 999–1000

(N.D. Ill. 2009) (granting summary judgment on a standalone complaint for attorneys' fees and awarding plaintiffs' attorneys' fees for litigation, as well as permitting plaintiffs to file for additional fees associated with litigation of the fees petition); *Stephanie J.,* 2010 WL 3070461 at *3–*4.

**C. The Plaintiff's Attorneys' Fees are Reasonable.**

After determining that the plaintiff prevailed in the hearing, courts evaluate whether the plaintiff's requested fees are reasonable. *See, e.g., Bd. of Educ. of City of Chi.*, 800 F. Supp. 2d at 921. To do that, the court reviews the lodestar calculation. *See Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014) (citing *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011)); *Johnson v. GDF,* 668 F.3d 927, 929 (7th Cir. 2012).

Courts strongly presume that the lodestar method yields the appropriate sum. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552–53 (2010) (there is a strong presumption that the lodestar method yields presumptively sufficient fees to accomplish the objective of fee-shifting in civil rights statutes); *Hines v. Hartford Life Ins. Co.,* 2012 WL 6004149, at *2 (S.D. Ill. 2012). Once the moving party produces evidence that the requested fees are reasonable, the burden shifts to the other party to establish that the sum is unreasonable. *See Wachovia,* 674 F.3d at 759.

Given that the lodestar is presumed reasonable, there is nothing unusual or inequitable about this fee calculation. While some circuit courts have reduced fee awards if special circumstances exist to make the lodestar unjust, no court in the Seventh Circuit has found unjust a fee award in a special education case. *See Tonya K. by Diane K. v. Bd. of Educ. of City of Chi.*, 847 F.2d 1243, 1248-1249 (7th Cir. 1988) (affirming district court's conclusion that no circumstances made fee award unjust under IDEA's statutory predecessor); *see also Max M. v. Ill. State Bd. of Educ.*, 684 F. Supp. 514, 525 (N.D. Ill. 1988) (finding no circumstances that would render award under Education for All Handicapped Children Act unjust). The case before this Honorable Court is the exact situation envisioned in 20 U.S.C. § 1415: Mr. Monroe prevailed in his hearing and now requests fees. It would

be disingenuous for Defendants to argue that this standard fee request is inequitable or unjust.

**1. EFE's Rates are Reasonable.**

The presumptively appropriate rate for court-awarded fees is the hourly rate at which an attorney bills. *Jeffboat v. Office of Workers' Comp. Programs,* 553 F.3d 487, 490 (7th Cir. 2009) ("[O]ur cases have consistently recognized that an attorney's actual billing rate for comparable work is presumptively appropriate for use as a market rate when making a lodestar calculation.") Plaintiff seeks fees at the standard EFE hourly rates for the work of the following staff:

Ms. Olga Pribyl's standard billing rate for her work is $550 per hour. (PSF, ECF No. 46 at ¶ 3). Ms. Pribyl graduated from The Notre Dame School of Law in 1985 and became a partner at Monahan & Cohen. *Id.* Ms. Pribyl later joined Equip for Equality ("EFE") in 2007 as Vice President of the Special Education Clinic and Pro Bono. *Id.* In this role, Ms. Pribyl has overseen all of the Clinic's litigation, including leading class action lawsuits. *Id.* In 2019, Ms. Pribyl joined the ACLU of Illinois as class co-counsel in the *R.J. v. Vickery* case, Case No. 12-CV-07289, for the subclass of students with disabilities, where she continues to represent the subclass to ensure they receive the special education services to which they are legally entitled while in the custody of the IDJJ. *Id.* Additional information about Ms. Pribyl's skill and experience is included in her declaration. (Declaration of Olga Pribyl, ECF No. [46-1]).

Ms. Rachel Shapiro's standard billing rate for her work is $475 per hour. (PSF, ECF No. 46 at ¶ 4). Ms. Shapiro graduated from the Ohio State University Moritz College of Law in 2006. *Id.* She joined EFE in 2006 and became the Managing Attorney of the Special Education Clinic in 2021. *Id.* Ms. Shapiro represents students in administrative hearings, federal litigation, and systemic cases in her role with the clinic. *Id.* In 2019, Ms. Shapiro joined the ACLU of Illinois as class co-counsel in the *R.J. v. Vickery* case, Case No. 12-CV-07289, for the subclass of students with disabilities, where she continues to represent the subclass to ensure they receive the special education services to

which they are legally entitled while in the custody of the IDJJ. *Id.* Ms. Shapiro has also worked on a number of other systemic issues regarding education in juvenile detention centers. *Id.* Additional information about Ms. Shapiro's skill and experience is included in her declaration. (Declaration of Rachel Shapiro, ECF No. 46-2]).

Ms. Amanda Klemas' standard billing rate for her work is $425 per hour. (PSF, ECF No. 46 at ¶ 6). Ms. Klemas graduated from Harvard Law School in 2011. *Id.* She practiced special education law in Massachusetts before joining EFE as a Staff Attorney in 2014 and later becoming a Senior Attorney. *Id.* Ms. Klemas represents students in IEP Meetings, mediations, and administrative due process proceedings and supervises three Staff Attorneys. *Id.* Additional information about Ms. Klemas' skill and experience is included in her declaration. (Declaration of Amanda Klemas, ECF No. [46-4]).

Ms. Jessica Range's standard billing rate for her work is $375 per hour. (PSF, ECF No. 46 at ¶ 8). Ms. Range worked in private practice after becoming admitted to the Illinois bar in 2013, handling all stages of litigation. *Id.* Ms. Range joined EFE in 2020 as a Staff Attorney and is currently a Senior Attorney. *Id.* Ms. Range has represented clients in IEP meetings, mediations, and administrative proceedings. *Id.* Additional information about Ms. Range's skill and experience is included in her declaration. (Declaration of Jessica Range, ECF No. [46-6]).

Ms. Cristina Kinsella's standard billing rate for her work is $375 per hour. (PSF, ECF No. 46 at ¶ 7). Ms. Kinsella was admitted to the California bar in 2015, worked as a Public Defender in California, and an attorney at Disability Rights California. *Id.* Ms. Kinsella joined EFE in 2022 and is currently a Senior Attorney. *Id.* Ms. Kinsella has represented primarily court-involved students at IEP meetings, school expulsion hearings, mediations, and due process hearings. *Id.* Additional information about Ms. Kinsella's skill and experience is included in her declaration. (Declaration of Cristina Kinsella, ECF No. [46-5]).

Mr. G. Michael Shea's standard billing rate for his work is $375 per hour. (PSF, ECF No. 46 at ¶ 9). Mr. Shea worked in private practice after becoming licensed in 2013. *Id.* Mr. Shea joined EFE in 2014 and is currently a Senior Attorney and Helpline Manager. *Id.* Mr. Shea has represented clients in IEP meetings, mediations, school expulsion hearings, administrative due process proceedings and in federal court appeals of administrative due process proceedings. *Id.* Additional information about Mr. Shea's skill and experience is included in his declaration. (Declaration of G. Michael Shea, ECF No. [46-7]).

Ms. Alexandra Kuske's standard billing rate for her work is $325 per hour. (PSF, ECF No. 46 at ¶ 5). Ms. Kuske graduated from Northwestern Pritzker School of Law in 2020. *Id.* She became a Staff Attorney at the Special Education Clinic at EFE in 2020 where she has represented clients in IEP meetings, mediations, and administrative proceedings. *Id.* Ms. Kuske has worked on systemic matters at two detention centers in Illinois. *Id.* Additional information about Ms. Kuske's skill and experience is included in her declaration. (Declaration of Alexandra Kuske, ECF No. [46-3]).

Plaintiffs seek fees at the standard EFE hourly rates. (PSF, ECF No. 46 at ¶ 17). In IDEA cases, where plaintiffs' attorneys are compensated primarily through fee awards and in settlements, lawyers are compensated at "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services provided." 20 U.S.C.§ 1415(i)(3)(C). Plaintiffs can establish that their attorneys' rates are reasonable if they are consistent with similarly experienced attorneys practicing similar areas of law and other court-approved fee awards. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). *See also Trs. of Chi. Plastering Inst. Pension Trust v. Cook Plastering Co.*, 570 F.3d 890, 905 (7th Cir. 2009) (the "reasonableness of an attorney's billing rate depends on the experience and qualifications of the professional"); *Jeffboat,* 553 F.3d at 490; *Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007); *K.S. v. Bd. of Educ. of Vandalia Cmty, Unit Sch. Dist. No. 203,* 2018 WL 3993628, at *9 (S.D. Ill. 2018) (affirming Ms. Pribyl's 2018 billing rate of $425 as

reasonable, recognizing the "complex nature of special education cases," the "specialization of practitioners," and awarding EFE $233,600.99 in attorneys' fees); *N.T. v. Galesburg Cmty. Unit Sch. Dist. No. 205,* 2025 WL 2375401 at *4, *8 (C.D. Ill. 2025) (approving counsels' billing rates of $465 and $525 per hour and awarding $245,170.50 in attorneys' fees and $3,069.85 in costs and expenses). EFE's rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation, as contemplated by the IDEA in 20 U.S.C. § 1415(i)(3).

EFE's rates are also consistent with other special education lawyers, as supported by declarations from experienced practitioners. (PSF, ECF No. 46 at ¶¶ 10-14). Plaintiff has submitted five affidavits from attorneys who represent parents in special education matters affirming that EFE's rates are consistent with market rates and reasonable for such litigation. *Id.* For example, Ashley Fretthold is an Associate Director at Legal Aid Chicago, a legal aid organization providing representation in various civil rights areas, including special education, which provides a close comparison to EFE. *Id.* at ¶ 10. Ms. Fretthold has extensive familiarity with special education law and practice in Illinois. *Id.* She affirms that Legal Aid Chicago's rates are consistent, and in some places higher, than EFE's rates. *Id.* Mr. Thomas Kennedy similarly declared that EFE's rates are reasonable. *Id.* at ¶ 12. Mr. Kennedy also affirmed that, other than his law firm, EFE is the only other firm or organization he is aware of that regularly handles special education cases in Southern and Central Illinois. *Id.*

Likewise, multiple experienced litigators in special education attest that EFE's rates are reasonable and consistent with the fees charged by special education practitioners with similar experience and skill. *See Id.* at ¶¶ 11-14 (indicating that Mr. Fox charges $550/hour, Ms. Welsh $550/hour, Mr. Kennedy $500/contingency, and Mr. Cohen $600/hour). These practitioners have also outlined Plaintiff's attorneys' experience in special education and stated that the fees and costs

submitted by Plaintiff's attorneys are reasonable and consistent with the type of litigation at issue in this case given their experience. *Id.* at ¶¶ 10-14.

**2. <u>EFE's Hours are Reasonable.</u>**

Under the IDEA, the District is required to pay all the legal expenses that were reasonably necessary for Mr. Monroe to prevail. 20 U.S.C. § 1415(i)(3). This includes the legal fees for both the administrative hearing and fees litigation. *See, e.g.*, *John M*, 612 F. Supp. at 999–1000 (granting summary judgment on a standalone complaint for attorneys' fees and awarding fees for all levels of litigation, as well as additional fees for the litigation of the fee petition); *Stephanie J.,* 2010 WL 3070461 at *3–*4 (awarding fees for all levels of litigation). Therefore, as the prevailing party, Mr. Monroe is entitled to attorneys' fees for litigation of the underlying hearing as well as the current federal fees litigation.

A fee award should be based on all hours "reasonably expended" on the case. *Hensley*, 461 U.S. at 433. Regarding hours worked, absent clear evidence that there was overstaffing or clearly excessive hours, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Civil rights "lawyers are not likely to spend unnecessary time… in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee." *Id.* Indeed, "[i]f the winning counsel had taken less time, he might not be in a position to ask for attorneys' fees as the prevailing party's representative." *Mohr v. Chicago Sch. Reform Bd. of Trustees of Bd. of Educ. Of the City of Chicago,* 194 F. Supp. 2d 786, 789 (N.D. Ill. 2002). While the court can exclude hours that are inadequately documented or duplicative, "the court will not 'eyeball' the fee request and arbitrarily cut it down because it seems excessive." *Scott M. v. Bd. of Educ. Of City of Chicago, Dist. 299,* 2011 WL 1118706, at *2 (N.D. Ill. 2011). Counsel should "clearly identify the date, clearly identify [the attorney], detail tasks succinctly, and further break a given date's tasks into

smaller increments" *N.T.*, 2025 WL 2375401 at *5.

Mr. Kennedy declared that he has represented similarly situated incarcerated individuals. (PSF, ECF No. 46 at ¶ 12). He noted that "these cases are complex, time consuming, and extremely difficult to manage". *Id.* He further noted that, had his firm represented on Mr. Monroe's case it would, "have devoted at least as many hours" as EFE. *Id.* Similarly, the other attorneys who drafted declarations agreed Plaintiff's hours are reasonable and consistent with the type of litigation at issue in this case given their experience. *Id*. at ¶¶ 10-14.

The hours sought are reasonable and fully documented in EFE's contemporaneous time records, billed to the tenth of the hour, consistent with the practice for legal services. (PSF, ECF No. [46-8]). In addition, Ms. Pribyl has exercised billing judgment to reduce time sought in this petition. (PSF, ECF No. 46 at ¶ 17). In total, Plaintiffs have reduced the fees sought by $94,172.50. *Id.* As shown by the attached time records, Plaintiff seeks to recover for time actually and reasonably required to prevail.

***a. Plaintiff is Entitled to Recover Fully for the Results of the Due Process Hearing.***

Mr. Monroe is entitled to recover full attorneys' fees for the results of the due process hearing as the prevailing party after winning on both issues remaining at the time of hearing. (JSF, ECF No. 47 at ¶ 17; PSF, ECF No. 46 at ¶ 1). When a plaintiff is successful in court, courts will not parse fees issue-by-issue. *See Hensley*, 461 U.S. at 440 ("Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised."); *Sottoriva v. Claps*, 617 F.3d 971, 976 (7th Cir. 2010); *see also Hines*, 2012 WL 6004149 at *3 ("A fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit."). Plaintiff's attorneys' fees should not be reduced due to the IHO's finding that he lacked authority to address systemic claims, when compared to the overall individual relief and substantial results achieved by the hearing.

This is particularly true given that the litigation involved "innovative and vigorous lawyering." *Sherkow v. Wis. Dep't. of Pub. Instruction,* 630 F.2d 498, 504 (7th Cir. 1980). Mr. Monroe's case, along with a companion case, were the first two due process cases of their kind in Illinois. *See* (PSF, ECF No. 46 at ¶¶ 10-14). As one of the first incarcerated adults to have a due process hearing to enforce his special education rights, his case involved novel legal research and issues.[1] In *Sherkow*, the Seventh Circuit held that attorneys' fees should not be reduced for the work of prevailing party's attorneys, even where certain billed activities do not specifically lead to relief granted: "[s]o long as the party has prevailed on the case as a whole the district courts are to allow compensation for hours expended on unsuccessful research or litigation, unless the positions asserted are frivolous or in bad faith." 630 F.2d at 504 (internal citation omitted). The Seventh Circuit expressed its desire to encourage "innovative and vigorous lawyering in a changing area of the law" which "take[s] the most advantageous position on their clients' behalf that is possible in good faith." *Id.* at 505. Attorneys can recover fees for prehearing motions, albeit unsuccessful, that serve the ultimate goal of the litigation. *See McCormick v. Zero*, 134 F. Supp. 2d 978, 979 (N.D. Ill. 2001); *Ryan M. v. Bd. of Educ. of City of Chi., Dist. 299*, 2010 WL 3184209 (N.D. Ill. 2010).

While the Plaintiff did not win every issue or motion litigated, EFE's fees should not be reduced. The Plaintiff won on both issues that remained at the time of the due process hearing and on several pre-trial motions. (JSF, ECF No. 47 at ¶¶ 14, 17; JSF, ECF No. [47-3] at 16-17).

***b. Attorney Collaboration is Reasonable, Especially When One is Acting in a***

[1] To the best of our knowledge, Mr. Monroe, along with another individual EFE represented, is one of the first individual incarcerated in an adult prison to have a due process hearing in Illinois under the IDEA to enforce his right to receive special education services while incarcerated. Despite assertions by the Defendant District, these issues were not novel solely because of their relation to the systemic class action *Hebert et al.* Rather, as one of the first incarcerated adults to file for due process to enforce his education rights, Mr. Monroe's individual case required novel legal research into the rights of incarcerated adults in Illinois facilities, fact finding into the current state of education in such facilities, and the filing of unique motions related to the rights of incarcerated adults to receive a FAPE in the least restrictive environment and the jurisdiction of hearing officers over the case. The case also involved logistical challenges with respect to having evaluations completed of an incarcerated individual, communicating with Mr. Monroe, and holding the hearing in the prison.

***Supervisory Role.***

It was reasonable for Plaintiff to request attorneys' fees for all attorneys who billed time collaborating, strategizing, attending IEP meetings required by the IHO, and litigating the due process hearing. First, it is widely accepted that attorneys can be compensated for discussing a case, if the communication is not a "duplication of effort or improper utilization of time." *See Berberena v. Coler*, 753 F.2d 629, 631 (7th Cir. 1985) (allowing compensation for strategy conferences between attorneys where time sheets indicated no duplication of effort or improper use of time); s*ee also N.T.*, 2025 WL 2375401 at *11 (stating "the mere fact that a party has more than one attorney working on his/her case does not necessarily mean there was duplication, and certainly not the type of duplication that would warrant a reduction in hours for purposes of the lodestar calculation.").

The Seventh Circuit has likewise acknowledged that competent representation usually "involves significant periods of consultation among counsel," and has commented that discussing "a set of authorities or seeking advice on a vexing problem is often significantly more efficient than one attorney's trying to wade through the issue alone." *Tchemkou v. Mukasey*, 517 F.3d 506, 511–12 (7th Cir. 2008). This is especially true when one attorney is a supervisor. *Valerio v. Total Taxi Repair & Body Shop,* 82 F. Supp.3d 723, 742 (N.D. Ill. 2015); *Reed v. Astrue*, 2010 WL 669619, at *3 and n.19 (N.D. Ill. 2010). Courts expect that senior attorneys will guide and advise junior attorneys and consistently award fees for both attorneys' time. *Id.* at 3. Here, at the time of the due process hearing, Ms. Kinsella and Ms. Range were Staff Attorneys and at various points, Ms. Shapiro and Ms. Pribyl's supervision were necessary. (PSF, ECF No. 46 at ¶¶ 7-8, 17). Additionally, Ms. Pribyl exercised billing judgment and reduced fees in instances where appropriate, for example removing any charges for Ms. Kinsella on due process hearing days where she was not taking testimony. *Id.* at ¶ 17. The billing entries on collaboration and supervision were reasonable.

Interoffice communications are likewise "standard practice." *Gregory v. Weigler*, 873 F. Supp.

1189, 1198 (C.D. Ill. 1995). In *Gregory*, the defendants claimed that the plaintiff's attorneys' interoffice communications should be deducted from the bill because such communications are unreasonable. The interoffice communication consisted of "discussions regarding…various aspects of the case, various motions filed, trial preparation, post verdict issues, and other pertinent issues." *Id.* at 1198. An award for fees for the time spent by "two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation." *Johnson v. Univ. College of Univ. of Ala. In Birmingham,* 706 F.2d 1205, 1208 (11th Cir. 1983). EFE has submitted detailed records that account for all the time spent by each attorney who worked on the case, and those records reflect that attorneys were not unreasonably doing the same work. (PSF, ECF No. [46-8]). Mr. Monroe provided detailed records to show that EFE's attorneys discussed case strategy, prehearing motions, hearing preparation and other similar conversations as those deemed acceptable. *Id.*

While EFE seeks fees for the work of seven attorneys, such work is not duplicative and represents the distinct contribution of each lawyer to the case. Three attorneys represented Mr. Monroe in his underlying due process proceeding: Ms. Pribyl, Ms. Kinsella, and Ms. Range. (PSF, ECF No. [46-8]; PSF, ECF No. [46-1] at ¶ 3). Based upon EFE's needs, Mr. Pribyl assigned two attorneys, Mr. Shea and Ms. Klemas, to research and draft some of the extensive pre-hearing briefing in the due process case. (PSF, ECF No. [46-1] at ¶ 3). Ms. Pribyl, Ms. Shapiro, and Ms. Kuske are representing Plaintiff in the current fees litigation. *Id.*

**D. Prejudgment Interest Should Be Awarded.**

This case is appropriate for an award of prejudgment interest. The Seventh Circuit has stated that if an award is left to the sound discretion of the district court, prejudgment interest is presumptively available to victims of federal law violations. *McRoberts Software v. Media 100,* 329 F.3d 557, 572 (7th Cir. 2003); *U.S. v. Board of Educ. Of Consol. High Sch. Dist. 230,* 983 F.2d 790,

799 (7th Cir. 1993); *M. v Board of Educ. of City of Chi.,* 2010 WL 2698285*, at *8* (N.D. Ill. 2010). Absent a statutory rate, the Seventh Circuit endorses the use of the average prime rate. *See Cement Div., Nat. Gypsum Co. v. City of Milwaukee,* 31 F.3d 581, 587 (7th Cir. 1994); *see also Stephanie J.,* 2010 WL 3070461 at *5 (awarding pre-judgment interest on fees under the IDEA at the average prime rate); *K.S.,* 2018 WL 3993628 at *19 (same). Plaintiff seeks prejudgment interest to compensate his attorneys for the time value of money - had their fees been paid initially, their fees would have accrued value in today's measure. *Matter of P.A. Bergner & Co.,* 140 F.3d 1111, 1123 (7th Cir. 1998).

## IV. CONCLUSION

For the foregoing reasons, the Court should award Mr. Monroe $302,050.95 in attorneys' fees, costs, and reimbursable expenses for the underlying due process case, as well as attorneys' fees and costs for the time expended prosecuting this action. Additionally, the Court should award prejudgment interest from the date of filing, compounded monthly and such other relief as this Court deems just.

Respectfully Submitted,

/s/Rachel Shapiro
One of the Attorneys for the Plaintiff

DATED: February 9, 2026

Olga Pribyl (ARDC No. 6190672)
Rachel Shapiro (ARDC No.6290735)
Alexandra Kuske (ARDC No. 6336043)
EQUIP FOR EQUALITY, INC.
20 North Michigan Ave., Suite 300
Chicago, IL 60602
(312) 341-0022

## CERTIFICATE OF SERVICE

I, Rachel Shapiro, an attorney, do hereby certify that I caused the attached **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** to be served upon counsel of record via CM-ECF E-Filing on February 9, 2026.

/s/ Rachel Shapiro
Rachel Shapiro, Bar No. 6290735
EQUIP FOR EQUALITY, INC.
20 North Michigan, Suite 300
Chicago, IL 60602
(312) 341-0022