# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

ANTONIO MONROE,

Plaintiff,

v.

BOARD OF EDUCATION OF THE ILLINOIS DEPARTMENT OF JUVENILE JUSTICE SCHOOL DISTRICT #428; ILLINOIS DEPARTMENT OF CORRECTIONS; ILLINOIS STATE BOARD OF EDUCATION,

Defendants.

**Case No**. 3:24-cv-02639
**CJRA Track**: TRACK C
**Mandatory Mediation**: Yes
**Presumptive Trial Month**: August 2026

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF SUPPLEMENTAL FACTS**

Defendants hereby submit the following response to Plaintiff's Statement of Supplemental Facts

1. Plaintiff was the prevailing party and is entitled to reasonable fees and costs. (Answer, ECF No.9 at ¶¶ 18-19). Defendants have failed to pay Equip for Equality fees, costs, or ordered reimbursements. (Answer, ECF No. 9 at ¶ 17).

**RESPONSE:** Defendants deny Paragraph 1 because "prevailing party" status is a legal conclusion, not factual statement. Answering further, Defendants admit that the Impartial Hearing Officer ("IHO") entered an order stating that Plaintiff was the prevailing party in the underlying due process hearing. Defendants deny, however, that , Plaintiff is a prevailing party because he has asserted in a sworn pleading that any such relief he gained as a result of being a prevailing party was "relief in name only" that was "wholly ineffective" and "did not alleviate the alleged problem." Hebert et. al. v. Ill. Dep't of Corr. et. al, No. 24-cv-07950 (N.D. Ill. filed Aug. 30, 2024) (the "Putative Class Action"), ECF No. 159, pg. 8 ( "…the administrative rulings … have been wholly ineffective … This relief-in-name-only did not alleviate the alleged problem…" ) (internal

quotations omitted). A party who obtains only "nominal relief" as Plaintiff claims is not a prevailing party. Def.'s Memorandum of Law in Support of Their Motion for Summary Judgement, ECF No. 59, pg. 5–8; Def.'s Resp. to Plaintiff's Mot. For Summary Judgement, ECF. No. 63, pg. 2 – 3; See *Ryan M. v. Bd. of Educ. of City of Chicago*, Dist. 299, 731 F. Supp. 2d 776, 787 (N.D. Ill. 2010). Defendants deny Plaintiff is entitled to the amount of attorneys' fees and costs sought in this Complaint, and deny that said fees and costs are reasonable. Answer, ¶ 1, ECF No. 12). Defendants admit they has not paid Plaintiff any fees or costs in connection with this matter.

2. Mr. Monroe is diagnosed with Attention-Deficit/Hyperactivity Disorder, combined presentation; Specific Learning Disorder in reading, Surface Dyslexia; Specific Learning Disorder in written expression; Specific Learning Disorder in mathematics; and Language Disorder. (Answer, ECF No. 9 at ¶ 9). During Mr. Monroe's time of special education eligibility while incarcerated in the Illinois Department of Corrections, Mr. Monroe received no credit bearing coursework or special education services. (IHO Decision, ECF No. 1-2 at ¶¶16-23).

**RESPONSE:** Defendants do not contest Plaintiff's alleged diagnosis. Defendants admit only that IDOC did not offer special education and related services from the time of Plaintiff's incarceration up until the date of the underlying due process hearing. IHO Decision, pg. 7, ¶ 19, ECF No. 1-2.

3. Plaintiff's attorney, Ms. Olga Pribyl's standard billing rate for her work is $550 per hour. (Declaration of Olga Pribyl, Pl.'s Ex. 1 at ¶ 19 [hereinafter "Pribyl"]). Ms. Pribyl graduated from The Notre Dame School of Law in 1985 and became a partner at Monahan & Cohen. Id. at ¶¶ 4, 7. Ms. Pribyl later joined Equip for Equality ("EFE") in 2007 as Vice President of the Special Education Clinic and Pro Bono. Id. at ¶ 5. In this role, Ms. Pribyl has overseen all of the Clinic's litigation, including leading class action lawsuits. Id. at ¶¶ 12, 14. In 2019, Ms. Pribyl joined the ACLU of Illinois as class co-counsel in the R.J. v. Vickery case, Case No. 12-CV-07289, for the subclass of students with disabilities, where she continues to represent the subclass to ensure they receive the special education services to which they are legally entitled while in the custody of the IDJJ. Id. At ¶¶ 15-16.

**RESPONSE:** Defendants admit only that Ms. Pribyl claims that her billing rate is $550 per hour for purposes of obtaining fee awards in fee shifting matters, but deny this is a reasonable market rate because her declaration does not establish that this is a rate that fee-paying clients actually pay her. A standard market rate for an attorney of Ms. Pribyl's experience practicing in this area is $250

to $315 per hour. *See* Decl. of Brandon K. Wright, Def. Ex. 3 at ¶ 6, ECF No. 52-1. Defendants do not dispute the remainder of Paragraph 3.

4. Plaintiff's attorney, Ms. Rachel Shapiro's standard billing rate for her work is $475 per hour. (Declaration of Rachel Shapiro, Pl.'s Ex. 2 at ¶ 15). Ms. Shapiro graduated from the Ohio State University Moritz College of Law in 2006. Id. At ¶ 3. She joined EFE in 2006 and became the Managing Attorney of the Special Education Clinic in 2021. Id. at ¶ 4. Ms. Shapiro represents students in administrative hearings, federal litigation, and systemic cases in her role with the clinic. Id. at ¶ 6. In 2019, Ms. Shapiro joined the ACLU of Illinois as class cocounsel in the R.J. v. Vickery case, Case No. 12-CV-07289, for the subclass of students with disabilities, where she continues to represent the subclass to ensure they receive the special education services to which they are legally entitled while in the custody of the IDJJ. Id. at ¶ 7. Ms. Shapiro has also worked on several other systemic issues regarding education in juvenile detention centers. Id. at ¶¶ 9-14.

**RESPONSE:** Defendants admit only that Ms. Shapiro claims that her billing rate is $475 per hour for purposes of obtaining fee awards in fee shifting matters, but deny this is a reasonable market rate because her declaration does not establish that this is the rate that fee-paying clients actually pay for her services. A standard market rate for an attorney of Ms. Shapiro's experience practicing in this area is $250 to $315 per hour. *See* Decl. of Brandon K. Wright, Def. Ex. 3 at ¶ 6, ECF No. 52-1. Defendants do not dispute the remainder of Paragraph 4.

5. Plaintiff's attorney, Ms. Alexandra Kuske's standard billing rate for her work is $325 per hour. (Declaration of Alexandra Kuske, Pl.'s Ex. 3 at ¶ 10). Ms. Kuske graduated from the Northwestern Pritzker School of Law in 2020. Id. at ¶ 3. She became a Staff Attorney at the Special Education Clinic at EFE in 2020 where she has represented clients in IEP meetings, mediations, and administrative proceedings. Id. at ¶ 4. Ms. Kuske has worked on systemic matters at two detention centers in Illinois. Id. at ¶¶ 5-6, 9.

**RESPONSE:** Defendants admit only that Ms. Kuske claims that her billing rate is $325 per hour for purposes of obtaining fee awards in fee shifting matters, but deny this is a reasonable market rate because her declaration does not establish that this is the rate that fee-paying clients actually pay her. A standard market rate for an attorney of Ms. Kuske's experience practicing in this area is $250 to $315 per hour. *See* Decl. of Brandon K. Wright, Def. Ex. 3 at ¶ 6, ECF No. 52-1. Defendants do not dispute the remainder of Paragraph 5.

6. Plaintiff's attorney, Ms. Amanda Klemas's standard billing rate for her work is $425 per hour. (Declaration of Amanda Klemas, Pl.'s Ex. 4 at ¶ 7). Ms. Klemas graduated from Harvard Law School in 2011. Id. at ¶ 3. She practiced special education law in Massachusetts before joining EFE as a Staff Attorney in 2014 and later becoming a Senior Attorney. Id. at ¶ 4. Ms. Klemas represents students in IEP Meetings, mediations, and administrative due process proceedings and supervises three Staff Attorneys. Id. at ¶ 5.

**RESPONSE:** Defendants admit only that Ms. Klemas claims that her billing rate is $425 per hour for purposes of obtaining fee awards in fee shifting matters, but deny this is a reasonable market rate because her declaration does not establish that this is the rate that fee-paying clients actually pay her. A standard market rate for an attorney of Ms. Klemas's experience practicing in this area is $250 to $315 per hour. *See* Decl. of Brandon K. Wright, Def. Ex. 3 at ¶ 6, ECF No. 52-1. Defendants do not dispute the remainder of Paragraph 6.

7. Plaintiff's attorney, Ms. Cristina Kinsella's standard billing rate for her work is $375 per hour. (Declaration of Cristina Kinsella, Pl.'s Ex. 5 at ¶ 12). Ms. Kinsella was admitted to the California bar in 2015, was a Public Defender in California, and an attorney at Disability Rights California. Id. at ¶¶ 3, 8-10. Ms. Kinsella joined EFE in 2022 and is currently a Senior Attorney. Id. at ¶ 5. Ms. Kinsella has represented primarily court-involved clients at IEP meetings, school expulsion hearings, mediations, and due process hearings. Id. at ¶ 6.

**RESPONSE:** Defendants admits only that Ms. Kinsella claims that her billing rate is $375 per hour for purposes of obtaining fee awards in fee shifting matters, but deny this is a reasonable market rate because her declaration does not establish that this is the rate that fee-paying clients actually pay her. A standard market rate for an attorney of Ms. Kinsella's experience practicing in this area is $250 to $315 per hour. *See* Decl. of Brandon K. Wright, Def. Ex. 3 at ¶ 6, ECF No. 52-1. Defendants do not dispute the remainder of Paragraph 7.

8. Plaintiff's attorney, Ms. Jessica Range's standard billing rate for her work is $375 per hour. (Declaration of Jessica Range, Pl.'s Ex. 6 at ¶ 9). Ms. Range worked in private practice after becoming admitted to the Illinois bar in 2013, handling all stages of litigation. Id. at ¶¶ 3-4. Ms. Range joined EFE in 2020 as a Staff Attorney and is currently a Senior Attorney. Id. at ¶ 5. Ms. Range has represented clients in IEP meetings, mediations, and administrative proceedings. Id. At ¶ 6.

**RESPONSE:** Defendants admit only that Ms. Range claims that her billing rate is $375 per hour for purposes of obtaining fee awards in fee shifting matters, but deny this is a reasonable market rate because her declaration does not establish that this is the rate that fee-paying clients actually pay her. A standard market rate for an attorney of Ms. Range's experience practicing in this area is $250 to $315 per hour. *See* Decl. of Brandon K. Wright, Def. Ex. 3 at ¶ 6, ECF No. 52-1. Defendants do not dispute the remainder of Paragraph 8.

9. Plaintiff's attorney, Mr. G. Michael Shea's standard billing rate for his work is $375 per hour. (Declaration of G. Michael Shea, Pl.'s Ex. 7 at ¶ 8). Mr. Shea worked in private practice after becoming licensed in 2013. Id. at ¶¶ 2, 5. Mr. Shea joined EFE in 2014 and is currently a Senior Attorney and Helpline Manager. Id. at ¶ 3. Mr. Shea has represented clients in IEP meetings, mediations, school expulsion hearings, administrative due process proceedings and in federal court appeals of administrative due process proceedings. Id.

**RESPONSE:** Defendants admit only that Mr. Shea claims that his billing rate is $375 per hour for purposes of obtaining fee awards in fee shifting matters, but deny this is a reasonable market rate because her declaration does not establish that this is the rate that fee-paying clients actually pay him. A standard market rate for an attorney of Mr. Shea's experience practicing in this area is $250 to $315 per hour. *See* Decl. of Brandon K. Wright, Def. Ex. 3 at ¶ 6, ECF No. 52-1. Defendants do not dispute the remainder of Paragraph 9.

10. Ms. Ashley Fretthold is the Associate Director of the Children and Families Practice at Legal Aid Chicago, a legal services organization providing representation in various civil rights areas, including special education. (Declaration of Ashley Fretthold, ECF No. 1-6 at ¶¶ 3-4). Ms. Fretthold has extensive familiarity with special education law and the legal practice in Illinois. *Id*. at ¶¶ 2-5. She is a member of Legal Aid Chicago's attorneys' fees committee and affirms that Legal Aid Chicago's rates are consistent, and in some places higher, than EFE's rates. Id. at ¶¶ 14-18. Ms. Fretthold states that she believe this case was the first of its kind in Illinois (along with a companion case). Id. At ¶ 19. She has reviewed EFE's timeslips in the case and declared that in her judgment they are reasonable and consistent with the results that EFE obtained. Id. at ¶ 19.

**RESPONSE:** Defendants admit only that Ms. Fretthold claims that her billing rate is consistent with or higher than EFE's rates for purposes of obtaining fee awards in fee shifting matters, but

deny this is a reasonable market rate because her declaration does not establish that this is the rate that fee-paying clients actually pay her. A standard market rate for an attorney of Ms. Fretthold's experience practicing in this area is $250 to $315 per hour. *See* Decl. of Brandon K. Wright, Def. Ex. 3 at ¶ 6, ECF No. 60-1. Further, Ms. Fretthold's opinion of the reasonableness of EFE's rates, whether or not those rates are consistent with the results obtained, or her opinion that this is the first case of its kind in Illinois, is irrelevant and immaterial. Defendants do not dispute the remainder of Paragraph 10.

11. Mr. Charles Fox is an attorney that has been licensed to practice in Illinois since 1986. (Declaration of Charles Fox, ECF No. 1-6 at ¶ 2). Mr. Fox's standard billing rate for his work is $550 per hour. Id. at ¶ 17. Mr. Fox has extensive familiarity with special education law. Id. at ¶¶ 3-4. Mr. Fox states that he believes this case was the first of its kind in Illinois (along with a companion case). Id. at ¶ 18. Mr. Fox has reviewed EFE's timeslips in the case and declared that in his judgment they are reasonable and consistent with the results that EFE obtained and with the level of practice and experience of the attorneys on the case. Id. at ¶¶ 5-18.

**RESPONSE:** Defendants admit only that Mr. Fox claims that his billing rate is $550 per hour for purposes of obtaining fee awards in fee shifting matters, but deny this is a reasonable market rate because his declaration does not establish that this is the rate that fee-paying clients actually pay him. A standard market rate for an attorney of Mr. Fox's experience practicing in this area is $250 to $315 per hour. *See* Decl. of Brandon K. Wright, Def. Ex. 3 at ¶ 6, ECF No. 60-1. Further, Mr. Fox's opinion of the reasonableness of EFE's rates, whether or not those rates are consistent with the results obtained or the level of practice and experience of Plaintiff's attorneys, or his opinion that this is the first case of its kind in Illinois, is irrelevant and immaterial. Defendants do not dispute the remainder of Paragraph 11.

12. Mr. Thomas E. Kennedy, III is a private attorney and the founder of Kennedy Hunt P.C. (Declaration of Thomas E. Kennedy, ECF No. 1-6 at ¶ 2). He has practiced since 1972 and has concentrated on special education and disability rights since 1994. Id. at ¶ 3. Mr. Kennedy's standard billing rate is between $475 and $500 an hour depending on the case. Id. at ¶ 10. Mr. Kennedy began his career at Land of Lincoln Legal Assistance Foundation,

Inc. Id. at ¶ 3. He has also taught at St. Louis University School of Law, served on training and planning committees for Illinois Courts, and authored several articles on special education law. Id. at ¶¶ 4-5. Mr. Kennedy has handled more than fifty due process cases and several federal cases on issues involving special education fees litigation. Id. at ¶¶ 7-8. Mr. Kennedy states that EFE is the only Illinois public interest law firm he knows that regularly handles special education cases in Southern and Central Illinois. Id. at ¶ 11. He has reviewed EFE's timeslips in the case and declared that in his judgment they are reasonable and consistent with the results that EFE obtained, the complexity of the case, and with the experience of the attorneys on the case. Id. at ¶¶ 12-15. He states that if his firm had handled this case it would have "devoted at least as many hours" to the case as EFE. Id. at ¶ 15.

**RESPONSE:** Defendants admit only that Mr. Thomas Kennedy, III claims that his billing rate is $475-500 per hour for purposes of obtaining fee awards in fee shifting matters, but deny this is a reasonable market rate because his declaration does not establish that this is the rate that fee-paying clients actually pay him. A standard market rate for an attorney of Mr. Kennedy's experience practicing in this area is $250 to $315 per hour. *See* Decl. of Brandon K. Wright, Def. Ex. 3 at ¶ 6, ECF No. 60-1. Further, Mr. Kennedy's opinion of the reasonableness of EFE's rates, and whether or not those rates are consistent with the results obtained, the complexity of the case, or the level of experience of Plaintiff's attorneys is irrelevant and immaterial. The number of hours Mr. Kennedy conjectures he may have devoted to the case is also irrelevant and immaterial. Defendants do not dispute the remainder of Paragraph 12.

13. Ms. Julie Welsh is a private attorney licensed to practice in Illinois. (Declaration of Julie Welsh, ECF No. 1-6 at ¶ 2). She was admitted to practice in 1996. Id. Ms. Welsh's standard billing rate for her work is $550 per hour. Id. at ¶ 17. Ms. Welsh has extensive familiarity with special education law and has worked in the family law clinic at Association House, at First Defense Legal Aid, and as a senior attorney at the Cook County Public Guardian's Office. Id. at ¶ 3. Ms. Welsh states that she believes this case was the first of its kind in Illinois (along with a companion case). Id. at ¶ 18. Ms. Welsh has reviewed EFE's timeslips in the case and declared that in her judgment they are reasonable and consistent with the results that EFE obtained and with the level of practice and experience of the attorneys on the case. Id. at ¶¶ 5-18.

**RESPONSE:** Defendants admit only that Ms. Welsh claims that her billing rate is $550 per hour for purposes of obtaining fee awards in fee shifting matters, but deny this is a reasonable market

rate because her declaration does not establish that this is the rate that fee-paying clients actually pay her. A standard market rate for an attorney of Ms. Welsh's experience practicing in this area is $250 to $315 per hour. *See* Decl. of Brandon K. Wright, Def. Ex. 3 at ¶ 6, ECF No. 60-1. Further, Ms. Welsh's opinion of the reasonableness of EFE's rates, whether or not those rates are consistent with the results obtained or the level of practice and experience of Plaintiff's attorneys, or her opinion that this is the first case of its kind in Illinois, is irrelevant and immaterial. Defendants do not dispute the remainder of Paragraph 13.

14. Mr. Matthew D. Cohen is a private attorney licensed to practice in Illinois. (Declaration of Matthew D. Cohen, ECF No. 1-6 at ¶ 1). He was admitted to practice in 1981. Id. Mr. Cohen's standard billing rate for his work is $600 per hour. Id. at ¶ 11. Mr. Cohen has extensive knowledge of special education law and legal practice in Illinois. Id. at ¶ 4. He services as the Chair of the Illinois Attorney General's Advisory Counsil on Disability Rights Special Education Committee, has prosecuted dozens of due process hearings, has lectured widely on special education issues, and testified as an expert witness in the Northern District in a special education case. Id. at ¶¶ 4-10. Mr. Cohen states that he believes this case was the first of its kind in Illinois (along with a companion case). Id. at ¶ 21. Mr. Cohen has reviewed EFE's timeslips in the case and declared that in his judgment they are reasonable and consistent with the results that EFE obtained and with the level of practice and experience of the attorney on the case. Id. at ¶¶ 12-22.

**<u>RESPONSE:</u>** Defendants admit only that Mr. Cohen claims that his billing rate is $600 per hour for purposes of obtaining fee awards in fee shifting matters, but deny this is a reasonable market rate because his declaration does not establish that this is the rate that fee-paying clients actually pay him. A standard market rate for an attorney of Mr. Cohen's experience practicing in this area is $250 to $315 per hour. *See* Decl. of Brandon K. Wright, Def. Ex. 3 at ¶ 6, ECF No. 60-1. Further, Mr. Cohen's opinion of the reasonableness of EFE's rates, whether or not those rates are consistent with the results obtained or the level of practice and experience of Plaintiff's attorneys, or his opinion that this is the first case of its kind in Illinois, is irrelevant and immaterial. Defendants do not dispute the remainder of Paragraph 14.

15. Plaintiff asked Defendant to pay a total of $268,968.45 for expenses incurred in connection with the underlying due processing hearing, including $256,430.00 in legal fees, $325.95 in costs, and $12,212.50 in expert expenses ordered to be reimbursed by the Impartial Hearing Officer ("IHO"). (Complaint, ECF No. 1 at ¶¶ 23-24; Answer, ECF No. 9 at ¶ 16).

**RESPONSE:** Defendants admit only that the IHO stated that Defendants shall reimburse EFE for "a. The IEE completed by the Student's neuropsychologist in the amount of $6,500. b. the IEE completed by Student's speech and language provider in the amount of $2,562.50. c. The report completed by the Student's speech and language provider in the amount of $2,552.50" (collectively, "Evaluation Expenses") IHO Order, pg. 23 at ¶ 3, ECF No. 1-2. Defendants deny that the IHO ordered any attorneys' fees, costs, or other expenses to be reimbursed beyond the aforementioned Evaluation Expenses. Defendants admit that Plaintiff is nonetheless asking to be reimbursed for additional fees and expenses beyond the aforementioned Evaluation Expenses. Complaint ¶¶ 23-24, ECF No. 1.

16. Plaintiff has accrued additional fees litigating the federal fee petition case. (Equip for Equality Timesheets, Pl.'s Ex. 8 [hereinafter "Timesheets"]).

**RESPONSE:** Defendants admit only that Plaintiff now seeks additional fees allegedly incurred in litigating the federal fee petition case. *See* Pl. Ex. 5, ECF No. 55-5. Defendants deny that these fees are reasonable or that Plaintiff is otherwise entitled to them, as this is a legal conclusion.

17. Ms. Olga Pribyl, Vice President of the Special Education Clinic, has reviewed all Plaintiff's attorneys' time entries, including the fees for the underlying hearing and the current case. (Pribyl, Pl.'s Ex. 1 at ¶ 24). Ms. Pribyl was responsible for staffing allocation during both matters and determined when additional staffing was needed for supervision purposes. Id. at ¶ 3. Fees are being sought at EFE's standard rates and Ms. Pribyl has reduced the t o t a l amount of requested fees by $94,172.50 after exercising billing judgment. (Timesheets, Pl.'s Ex. 8; Pribyl, Pl.'s Ex. 1 at ¶¶ 3, 19-22, 24).

**RESPONSE:** Defendants admit only that Ms. Pribyl claims to have reduced the claimed fees by $94,025.00 but deny the characterization of any such reduction as "judgment" or "exercising billing judgment," as this is a legal conclusion. Defendants do not dispute the remainder of Paragraph 17.

18. After the above reduction, EFE charged $289,512.50 in legal fees representing Mr. Monroe and charged $325.95 in costs and $12,212.50 in expert expenses that the Impartial Hearing Officer ordered to be reimbursed, for a total amount of $302,050.95 (Timesheets, Pl.'s Ex. 5; IHO Order, ECF No. 1-2 at 23; Pribyl, Pl.'s Ex. 1 at ¶ 25).

**RESPONSE:** Defendants admit that Plaintiff now seeks $289,512.50 in legal fees but deny that Plaintiff is entitled to these fees or that the request is reasonable. Defendants admit only that the IHO stated that Defendants shall reimburse EFE for "a. The IEE completed by the Student's neuropsychologist in the amount of $6,500. b. the IEE completed by Student's speech and language provider in the amount of $2,562.50. c. The report completed by the Student's speech and language provider in the amount of $2, 552.50" (collectively, "Evaluation Expenses") IHO Order, pg. 23 at ¶ 3, ECF No. 1-2. Defendants deny that the IHO ordered any attorneys' fees, costs, or other expenses to be reimbursed beyond the aforementioned Evaluation Expenses. Defendants admit that Plaintiff is nonetheless asking to be reimbursed for additional fees and expenses beyond the aforementioned Evaluation Expenses, and that Plaintiff also claims to have reduced the total fees incurred. Complaint ¶¶ 23-24, ECF No. 1.

Dated: March 2, 2026

Respectfully submitted,

**BOARD OF EDUCATION OF THE ILLINOIS DEPARTMENT OF JUVENILE JUSTICE SCHOOL DISTRICT #428 and ILLINOIS DEPARTMENT OF CORRECTIONS,**
Defendants.

By: */s/ Kaitlin Atlas*

One of Their Attorneys

Michael A. Warner, Jr. (maw@franczek.com)
Kaitlin Atlas (ka@franczek.com)
K. Hope Harriman (khh@franczek.com)
Special Assistant Attorneys General

Franczek P.C.
300 S. Wacker St., Suite 3400
Chicago, Illinois 60606
Telephone: (312) 986-0300
Facsimile: (312) 986-9192
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that she caused a true and correct copy of the foregoing **Defendants' Response to Plaintiff's Statement of Supplemental Facts** to be filed with the Clerk of the Court using the CM/ECF Filing System which will electronically serve copies upon all counsel of record on this 2nd day of March, 2026, namely:

Olga Pribyl
Rachel Shapiro
Alexandra Kuske
Equip for Equality
20 N. Michigan Ave., Suite 300
Chicago, IL 60602
olga@equipforequality.org
rachel@equipforequality.org
alexandra@equipforequality.org

*/s/ Kaitlin Atlas*