**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| R. J., *et al.* | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 1:12−cv−07289 |
| | ) | Honorable Matthew F. Kennelly |
| ROBERT VICKERY, in his official | ) | |
| Capacity as Director of Illinois | ) | |
| Department of Juvenile Justice. | ) | |

**PLAINTIFFS' UNOPPOSED MOTION FOR FEES**

Plaintiffs, pursuant to Rules 23(h) and 54(d)(2), respectfully move this Court for an award of $350,000 in attorney fees for all of Equip for Equality's ("EFE") work in this case during the approximately six year and three-month period between January 29, 2019, and April 17, 2025. Plaintiffs file this motion solely for work completed by EFE during this timeframe. This motion does not include any time spent by the Roger Baldwin Foundation ("ACLU"), or work completed by Sidley Austin LLP.

Following negotiations, the parties agree that plaintiffs should be awarded this amount. This motion will address: (1) plaintiffs' entitlement to fees; (2) the reasonable number of hours spent by plaintiffs' counsel; (3) the reasonable hourly rates; and (4) the preparation of this motion.

**I. Plaintiffs are entitled to fees.**

On December 6, 2021, this Court entered the consent decree in this case. Dkt. 33. In relevant part here, that decree provides: "Plaintiffs are entitled to their reasonable attorney fees, costs, and expenses for prosecution of this cause of action, and monitoring and enforcement of the remedial plan and consent decree." *Id.* at ¶ 44. This motion is Plaintiffs' first motion for

EFE's fees, covering over six years of time. EFE joined the case as co-counsel for the subclass of students with disabilities in 2019. Dkt. 286.

In the complaint, Plaintiffs asserted claims for inadequate special education services under federal law and, at the time the complaint was filed and thereafter, at least half of the class members were entitled to special education services. Dkt. 1 at ¶¶ 1, 28-30, *inter alia*. This Court certified a subclass of youth with special education needs. Dkt. 18 at ¶ 2. As this Court is aware, educational services have been the most long-standing challenge that the Illinois Department of Juvenile Justice ("IDJJ") has faced in complying with the consent decree.

EFE, the Protection & Advocacy Agency for the State of Illinois, joined the case as co-counsel for the subclass of students with disabilities in 2019 due to significant experience representing court-involved and incarcerated students with disabilities to ensure that school districts provide them with legally required special education and related services. EFE is the only statewide legal aid organization that provides special education representation and has represented hundreds of individual students on special education issues while they are detained and incarcerated in juvenile and adult facilities throughout Illinois.

**II. Plaintiffs spent a reasonable number of hours on the case during this timeframe.**

During the over six years covered by this motion, EFE worked 901.4 hours on the case. Through the exercise of billing judgment, Plaintiffs cut 134.7 hours, totaling to a cut of $62,682.50. Plaintiffs herein seek compensation for the remaining 766.7 hours. Olga Pribyl and Rachel Shapiro have decades of experience as special education attorneys *(see infra* Section III), and billed the vast majority of EFE's hours for which Plaintiffs seek compensation. Elizabeth Jordan worked on discrete assignments and attended site visits in 2019. EFE exercised billing judgement and no-charged time by other attorneys and interns who worked on this case.

While EFE performed several tasks during the over six years covered by this motion, some of the most significant tasks that EFE performed were: 1) drafting a report regarding special education in the IDJJ, ultimately culminating in a 36-page Joint Status Report Regarding Special Education (Dkt. 292); 2) working with IDJJ to review and revise their Special Education Policies & Procedures; 3) conducting extensive site visits and making recommendations regarding special education after each site visit; and 4) participating in court and numerous meetings with the ACLU, Defendant and the monitor to assist in implementing necessary changes to the special education services at IDJJ facilities.

First, EFE drafted a detailed report regarding the status of special education in IDJJ as of 2019 and recommendations for changes. EFE specifically focused findings and recommendations on the lack of a standardized and equal ability to earn credits for educational activities outside of Connexus, inconsistent blended learning, the critical need for intensive literacy instruction, lack of appropriate transition services, lack of Individualized Education Program ("IEP") Progress Monitoring, and the content of IDJJ's Policies & Procedures. Dkt. 292. IDJJ worked collaboratively with Plaintiffs' counsel to make several changes due to this report. A few examples of the changes IDJJ made include increasing training and awareness about the ability of students to earn credits outside of Connexus, continued and ongoing work to improve the amount of blended learning and opportunities during blended learning, purchase of the Language! Live literacy program and providing a broader array of vocational/transition focused opportunities for students.

Second, after EFE reviewed IDJJ's Policies & Procedures and made recommendations, EFE worked with IDJJ to revise the Policies & Procedures to ensure compliance with the

Individuals with Disabilities Education Act ("IDEA"). As a result of the negotiations, IDJJ finalized a new set of legally compliant Policies & Procedures.

Third, during the time period covered by this motion, EFE conducted a total of 20 site visits (including virtual site visits during COVID) to IYC Chicago, IYC Warrenville, and IYC St. Charles (now the PEACE Center). Site visits include preparation work prior to the visits (which sometimes encompassed reviewing IEPs and analyzing data), interviews with staff and students during the visit, a tour and observation of several classrooms during each visit, and meetings with administrators during the visits. After the visits, EFE made recommendations as appropriate and discussed systemic concerns with the ACLU, Defendant and the monitor. EFE also spoke with the ACLU, Defendant and the monitor about any individual concerns that students raised.

Finally, alongside the ACLU, EFE has appeared and argued at court dates throughout the time period covered by this motion. EFE has also met extensively with the ACLU, Defendant and the monitor to discuss ongoing educational concerns and make necessary recommendations to address the terms of the consent decree and ensure compliance with the IDEA. Outside of regular meetings with the ACLU, Defendant and the monitor, EFE also participated, as necessary, in separate meetings with the monitor to discuss concerns and answer his questions. In addition, to regular meetings, EFE researched and suggested the most recent monitor, Dr. Michael Wilson, to IDJJ, and the agency agreed that he was the appropriate monitor to hire.

Throughout this time period, alongside the ACLU, EFE worked collaboratively with IDJJ and the monitor. EFE's strong substantive knowledge of special education law and experience representing individuals in IDJJ on their special education issues provided EFE with a unique perspective on how to creatively assist in resolving some of the special education challenges that IDJJ faced during the time period covered by this motion.

**III. Plaintiffs have reasonable hourly rates and the total amount charged is reasonable.**

Equip for Equality has set the following hourly rates for its attorneys: $550.00 per hour for Olga Pribyl, $475.00 per hour for Rachel Shapiro, and $325.00 per hour for Elizabeth Jordan. These rates are based on the attorneys' respective levels of skill and experience and are comparable to the rates charged by other special education attorneys in Illinois.

Ms. Pribyl graduated from The Notre Dame School of Law in 1985 and became a partner at Monahan & Cohen. Ms. Pribyl later joined EFE in 2007 and is the Vice President of the Special Education Clinic and Pro Bono. In this role, Ms. Pribyl has overseen all of the Clinic's litigation, including numerous complex special education and disability rights cases. Ms. Pribyl also leads the Clinic's class action lawsuits. Ms. Pribyl served as lead counsel on a putative class action lawsuit which was settled regarding language access issues for students with special education needs in *H.P., et al., v. Board of Education of the City of Chicago, et al.*, Case No. 18-cv-621. Ms. Pribyl also serves as counsel on the putative class action case *Hebert v. Bd. of Educ. of the Ill. Dep't of Juvenile Justice SD 428 et al.*, No. 24-cv-07950, (N.D. Ill. filed August 30, 2024), a lawsuit regarding the legal rights of special-education eligible students incarcerated in the Illinois Department of Corrections

Additional representative cases while at EFE for Ms. Pribyl include:

a. *Petrina W v. City of Chicago Pub. Sch. Dist. 299,* 2009 WL 5066651 (N.D. Ill. 2009): Successful appeal of an IHO's ruling that a compensatory education claim was not ripe until the student turned 22. The district court found that compensatory education can be appropriately sought and granted prospectively before the student has reached the age of 21. The court further clarified how to determine compensatory education so as to restore the student

to the position she would have occupied but for the district's deprivation of a free appropriate public education.

b. *T.P. ex rel. Kimbrely R. v. City of Chicago Pub. Sch. Dist. 299,* 2011 WL 1197353 (N.D. Ill. Mar. 29, 2011): Action resulting in the recovery of $121,422.50 in attorneys' fees and costs, as well as prejudgment interest, following the successful representation of a student with autism in a special education due process hearing in which the hearing officer awarded the maintenance of the student in his current charter school and extensive prospective and compensatory services.

c. *K.D. ex rel. Nichelle D. v. Villa Grove Cmty. Unit Sch. Dist. No. 302 Bd. of Educ.,* 403 Ill. App. 3d 1062 (4th Dist. 2010): Successful injunctive action in case of first impression involving the right of a student with autism to be accompanied in school with his service animal. EFE prevailed in Illinois state court on actions for a temporary restraining order, preliminary injunction, circuit court evidentiary hearing on the merits, and an appeal to the Illinois Appellate Court.

d. *A.G. v. Eastland Cmty. Unit Sch. Dist. No. 308,* No. 13-CV-50234 (N.D. Ill. 2013): Action resulting in a settlement of $150,000 in attorneys' fees and costs following the successful representation of a student with a disability in a special education due process hearing in which the hearing officer maintained the student's placement in her community's school, including an inclusive school setting and daily, individualized Applied Behavior Analysis therapy, as well as ordered extensive compensatory services.

e. *P. W v. Bloom Township High Sch. Dist. No. 206,* No. 16-CV-1571 (N.D. Ill. Aug. 24, 2016): Successful appeal of hearing officer's dismissal of student with disability's claim to obtain educational services after his improper graduation from high school and termination of eligibility for special education; on remand, a hearing officer found in favor of the student on all of the issues and ordered two years of compensatory transition programming for the student.

f. *K.S. v. Board of Education of the Vandalia Community Unit School District No. 203*, 2018 WL 3993628 (S.D. Ill. Aug. 21, 2018): Action resulting in the recovery of over $200,000 in attorneys' fees and costs, as well as prejudgment interest, following the successful representation of a student with multiple disabilities to secure a recission of his expulsion, reimbursement for independent educational evaluations, administration of additional evaluations, as well as compensatory education services.

Ms. Shapiro graduated from the Ohio State University, Moritz College of Law in 2006 and became an Equal Justice Works Fellow and Staff Attorney at Equip for Equality, with a project focused on representing court-involved youth with disabilities who were not receiving appropriate special education services. Ms. Shapiro became a Supervising Attorney in 2014 and Managing Attorney in 2021. Ms. Shapiro has represented students in numerous complex special education cases in IEP Meetings, school expulsion hearings, mediations, due process hearings, and federal court. Ms. Shapiro has additionally worked on several other systemic issues regarding education and the rights of students with disabilities in juvenile detention centers. Ms. Shapiro is the co-chair of the statewide Juvenile Detention Center Working Group and has been

appointed twice by the Administrative Office of the Illinois Courts to be a member of their Juvenile Detention Center Taskforce. Ms. Shapiro also serves as counsel on the *Hebert* case.

Ms. Jordan graduated from Georgetown University Law Center in 2015 and clerked for the Honorable Matthew F. Kennelly after graduation. She then became a Litigation Associate at Sidley Austin LLP before transitioning to EFE as a Staff Attorney. Ms. Jordan focused much of her work at EFE on providing legal advice and representation to court-involved students and students facing exclusionary discipline at school. Ms. Jordan only worked on the RJ case during 2019 and has since left EFE.

The total amount charged as a result of the reasonable hours expended at EFE's hourly rates is $385,355.00. The following chart demonstrates the breakdown of the total:

| **Timekeeper** | **Hours** | **Rate** | **Fees Charged** |
|---|---|---|---|
| Jordan, Elizabeth | 66.3 | $ 325.00 | $ 14,852.50 |
| Pribyl, Olga | 398.1 | $ 550.00 | $ 205,535.00 |
| Shapiro, Rachel | 434.9 | $ 475.00 | $ 164,967.50 |
| **Total:** | **899.3** | | **$ 385,355.00** |

## IV. Preparation of motion

After reviewing the itemized time slips maintained by counsel contemporaneously with the work they performed, EFE cut 134.7 hours, totaling to $62,682.50. In May of 2025, EFE sent

Defendant's counsel a request for the remaining fees, totaling $385,355.00, alongside EFE's time slips. Upon request of the Court, EFE will provide these records.

The parties then undertook arms-length negotiations, resulting in agreement to cut an additional $35,355.00 from Plaintiffs' request. Thus, the parties agreed, subject to this Court's review, that IDJJ will pay EFE $350,000.00 for fees incurred between January 29, 2019, and April 17, 2025.

**Conclusion**

Plaintiffs respectfully move this Court for an award of $350,000.00 in attorneys' fees for all work completed in this case between January 29, 2019, and April 17, 2025.

Respectfully submitted,

/s/ Rachel Shapiro
Olga Pribyl
Rachel Shapiro
EQUIP FOR EQUALITY
20 N. Michigan Ave., Suite 300
Chicago, Illinois 60602
(312) 895-7321
*Counsel for the Special Education Subclass*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he caused a copy of the foregoing PLAINTIFFS' UNOPPOSED MOTION FOR FEES to be filed electronically with the Clerk of the Court using the CM/ECF filing system which will serve all counsel of record below on June 9, 2026.

Michael T Dierkes
OFFICE OF THE ILLINOIS ATTORNEY GENERAL

Kevin M. Fee
Camille E. Bennett
Samantha Reed
Katie Hickey
ROGER BALDWIN FOUNDATION OF ACLU, INC

Daniel Craig
SIDLEY AUSTIN LLP

/s/ Rachel Shapiro